**E. E. BLACK, LIMITED v. ALSUP.**

No. 13593.

United States Court of Appeals
Ninth Circuit.

April 15, 1954.

Robertson, Castle & Anthony, Alfred L. Castle, J. Garner Anthony, and Frank D. Padgett, Honolulu, Hawaii, for appellant.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, George F. Lynch, Robert B. Ross, Sp. Assts. to Atty. Gen., Washington, D. C., A. William Barlow, U. S. Atty., Honolulu, Hawaii, for appellee.

Before HEALY and ORR, Circuit Judges, and LEMMON, District Judge.

HEALY, Circuit Judge.

Appellant (herein called the taxpayer) sued for the recovery of excess profits taxes for the year 1945 alleged to have been erroneously and illegally assessed and collected. The appeal is from a judgment denying recovery.

The facts are not in dispute. Taxpayer is a building contractor in Hawaii. Since its incorporation in 1926 it has consistently made its Federal tax returns on the "completed contract basis" pursuant to Regulation 111, section 29.42–4 (b) promulgated under 26 U.S.C.A. §§ 41 and 42. So far as material here the regulation reads:

"Sec. 29.42–4. Long-Term Contracts.—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. * * * Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon either of the following bases:

(a) * * *.

(b) Gross income may be reported for the taxable year in which the contract is *finally completed and accepted* if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income." [Emphasis added.]

On July 28, 1944 the taxpayer contracted with the Federal Public Housing

Authority to construct a housing project. The contract provided for final payment when the construction was completed and accepted by the Authority. On April 30, 1945 the taxpayer requested of the Authority final payment in the amount of $44,533.50. On November 5, 1945 the Authority allowed $44,000.00 of the sum, withholding the balance of $533.50 until completion of the installing of thermostat units for the fire alarm system in the project's community building. These thermostats were not installed until March of 1946; and on June 26, 1946 the Authority paid the balance which had been withheld.

In its income and excess profits tax returns for 1945 the taxpayer did not report its profit on the contract. The Commissioner assessed a deficiency for that year on the basis of his construction of the Regulation, namely, that the phrase "finally completed and accepted" means substantially completed. Taxpayer paid the assessment, and, as already stated, brought suit to recover the payment. The sole issue being one of law as to the meaning of the Regulation, both parties moved for summary judgment. The court was of opinion that the contract was finally completed and accepted in 1945 within the meaning of the Regulation, and it accordingly sustained the Commissioner's motion and granted judgment in his favor.

In its ruling the court followed the decision of the Tax Court in Ehret-Day Company v. Commissioner, 1943, 2 T.C. 25, which held that "substantial completion" was all that was necessary to satisfy the Regulation. In so doing the Tax Court applied a rule appertaining generally to building contracts, saying, 2 T.C. at page 33, that "the courts have modified the rule requiring an absolute completion and strict performance of a contract before the right to payment thereon can be enforced." It quoted such rule as stated in 17 C.J.S., Contracts, § 509, pages 1087–1089.

We think the language of the pertinent Treasury Regulation governs and was intended to govern the situation, not unrelated rules of the common law. In short, we are of opinion that the Regulation should be taken as meaning what it plainly says, hence we believe that the Ehret-Day case was wrongly decided. The "substantial completion" doctrine there applied tends merely to import into the tax law an unwarranted and undesirable uncertainty.

Only one other authority is cited bearing immediately on the point, this being a holding of the First Circuit in Rice, Barton & Fales, Inc., v. Commissioner, 41 F.2d 339. There the taxpayer contracted with a concern in Japan to build two large machines. The machines were completely finished and placed on shipboard in 1921, and were paid for in full before shipment. Since the buyer did not accept the machines until early 1922, and under the contract could have then rejected them, it was held that the Regulation contemplated the taxation of the income in 1922. The Rice case goes further than it is necessary to go here.

The Commissioner argues in the alternative that the taxpayer's method does not "clearly reflect" its income as required by the Regulation. No reason at all persuasive is advanced why this is so.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the taxpayer.